IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **TYRONE BURNS, No. B13733,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | **CIVIL NO. 11-cv-01104-GPM** |
| | ) | |
| **DR. FENOGLIO,** | ) | |
| **L. RYKER,** | ) | |
| **P. MARTIN,** | ) | |
| **M. HODGE,** | ) | |
| **P. MORAN, and** | ) | |
| **S.A.GODINEZ,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This civil rights action is before the Court on remand from the United States Court of Appeals for the Seventh Circuit. In accordance with the mandate of the appellate court (Doc.32), the preliminary review of the complaint pursuant 28 U.S.C. § 1915A must now be revised accordingly.

### 1. Procedural History and Synopsis of the Complaint

On December 19, 2011, Plaintiff Tyrone Burns, who is in the custody of the Illinois Department of Corrections ("IDOC") and currently incarcerated at Lawrence Correctional Center ("Lawrence"), brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 (Doc. 1). Plaintiff's central contention is that there was an eight month delay in treating a painful tumor on his right hip, despite a medical recommendation for surgery. He also takes issue with administrators involved in denying the grievance he lodged in an attempt to secure proper medical care. The defendants are: Dr. Fenoglio, Plaintiff's treating physician at Lawrence; P.

Martin, the Lawrence Health-Care Administrator; Warden L. Ryker; Deputy Warden M. Hodge; Grievance Officer P. Moran; and IDOC Director S.A. Godinez. The complaint asserts constitutional claims under the Eighth and Fourteenth Amendments. Plaintiff also invokes the Court's supplemental jurisdiction under 28 U.S.C. § 1367(a) to assert a state law claim for medical negligence. Plaintiff prays for declaratory judgment, compensatory and punitive damages, as well as injunctive relief.

By Order dated August 23, 2012, all claims against all defendants were dismissed with prejudice (Doc. 13). More specifically, the Court concluded that the Eighth Amendment claim against Dr. Fenoglio was an impermissible demand for specific care that did not rise beyond medical negligence. The other defendants, Ryker, Martin, Hodge, Moran and Godinez, were found to have not been personally involved in Plaintiff's medical care. The due process claim against those five administrative officials was also dismissed because prison grievance procedures do not give rise to a constitutionally protected liberty interest. Because the Court had not found a colorable federal claim, there was no basis for exercising supplemental jurisdiction over the state law medical negligence claim.

Plaintiff appealed from the entry of final judgment (Docs. 14, 17). By Order and Judgment dated June 3, 2013 (Doc. 13), the Court of Appeals for the Seventh Circuit vacated the final judgment in this case. The Seventh Circuit affirmed the dismissal of the Eighth and Fourteenth Amendment claims against Ryker, Martin, Hodge, Moran and Godinez. However, a colorable Eighth Amendment claim for deliberate indifference against Dr. Fenoglio was recognized. Consequently, the appellate court, citing *Albany Bank & Trust Co. v. Exxon Mobil Corp.*, 310 F.3d 969, 975 (7th Cir. 2002); *Armstrong v. Squadrito*, 152 F.3d 564, 582 (7th Cir. 1998), reinstated the supplemental state law negligence claim against all named defendants.

## 2. Procedures and Claims on Remand

Pursuant to the mandate of the Court of Appeals, this Court's August 23, 2012, Judgment (Doc. 14) is **VACATED** and the case is **REOPENED**. The Court's August 23, 2012, Order (Doc. 13) is **VACATED IN PART**, in that the only claims remaining on remand are as follows.

**Count 1:** Defendant Dr. Fenoglio was deliberately indifferent to the serious medical needs of Plaintiff Burns by delaying Burns' surgery until August 2011, leaving Plaintiff in pain for eight months, in violation of the Eighth Amendment; and

**Count 2:** Defendants Dr. Fenoglio, L. Ryker, P. Martin, M. Hodge, P. Moran, and S.A. Godinez[1] were negligent when they failed to provide adequate and necessary medical care to Plaintiff Burns, in violation of the law of the State of Illinois.

The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court.

## 3. Preliminary Review

Having vacated the original threshold order as it pertained to the Eighth Amendment claim against Dr. Fenoglio (Count 1) and the supplemental negligence claim against Defendants Ryker, Martin, Hodge, Moran and Godinez, this Court must perform anew a preliminary review pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–

---

[1] Although Plaintiff specifies that the negligence claim is brought against Director Godinez in his official capacity, the allegations clearly present an individual capacity claim (*see* Doc. 1, p. 9). Therefore, the Court recognizes a negligence claim against Godinez; he is also the proper defendant in his official capacity for purposes of injunctive relief.

> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
>
> (2) seeks monetary relief from a defendant who is immune from such relief.

For the reasons stated by the Court of Appeals, this Court recognizes that Count 1 states a colorable Eighth Amendment claim against Dr. Fenoglio. Therefore, Count 1 shall proceed.

Count 2 raises a medical negligence (i.e., medical malpractice) claim, based on the conduct detailed above—the medical decisions by Dr. Fenoglio and the associated administrative decisions by Health-Care Administrator Martin, Warden Ryker, Deputy Warden Hodge; Grievance Officer Moran and IDOC Director Godinez. For the following reasons, Count 2 shall be dismissed without prejudice.

A defendant can never be held liable under Section 1983 for negligence. *Daniels v. Williams,* 474 U.S. 327, 328 (1986). However, where a district court has original jurisdiction over a civil action such as a Section 1983 claim, it also has supplemental jurisdiction over related state law claims pursuant to 28 U.S.C. § 1367(a), provided the state claims "derive from a common nucleus of operative fact" with the original federal claims. *Wisconsin v. Ho–Chunk Nation,* 512 F.3d 921, 936 (7th Cir. 2008). "A loose factual connection is generally sufficient." *Houskins v. Sheahan,* 549 F.3d 480, 495 (7th Cir. 2008) (citing *Baer v. First Options of Chicago, Inc.,* 72 F.3d 1294, 1299 (7th Cir. 1995)).

In light of the interplay between administrative procedures and the administration of medical care within the prison, the Court finds the necessary common nucleus of fact necessary for supplemental jurisdiction over these state-law claims pursuant to 28 U.S.C. § 1367. However, that is not the end of the matter.

Under Illinois law, a Plaintiff "[i]n any action, whether in tort, contract or otherwise, in which the plaintiff seeks damages for injuries or death by reason of medical, hospital, or other healing art malpractice," must file an affidavit along with the complaint, declaring one of the following: (1) that the affiant has consulted and reviewed the facts of the case with a qualified health professional who has reviewed the claim and made a written report that the claim is reasonable and meritorious (and the written report must be attached to the affidavit); (2) that the affiant was unable to obtain such a consultation before the expiration of the statute of limitations, and affiant has not previously voluntarily dismissed an action based on the same claim (and in this case, the required written report shall be filed within 90 days after the filing of the complaint); or (3) that the plaintiff has made a request for records but the respondent has not complied within 60 days of receipt of the request (and in this case the written report shall be filed within 90 days of receipt of the records). *See* 735 ILL. COMP. STAT. § 5/2–622(a) (as amended by P.A. 90–579, effective May 1, 1998). A separate affidavit and report shall be filed as to each defendant. *See* 735 ILL. COMP. STAT. § 5/2–622(b).

Failure to file the required affidavits is grounds for dismissal of the claim. *See* 735 ILL. COMP. STAT. § 5/2–622(g); *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000). However, whether such dismissal should be with or without prejudice is up to the sound discretion of the court. *Sherrod,* 223 F.3d at 614. "Illinois courts have held that when a plaintiff fails to attach a certificate and report, then 'a sound exercise of discretion mandates that [the plaintiff] be at least afforded an opportunity to amend her complaint to comply with [S]ection 2–622 before her action is dismissed with prejudice.' " *Id.* In the instant case, Plaintiff Burns has failed to file the necessary affidavit(s).

Because Count 1, the Eighth Amendment claim may proceed, in order to not delay this case further Count 2 will be dismissed without prejudice and with leave to amend to reassert that claim once Plaintiff has secured the required affidavit(s).

## 4. Disposition

**IT IS HEREBY ORDERED** that, for the reasons stated:

1. This Court's August 23, 2012, Judgment (Doc. 14) is **VACATED** and the case is **REOPENED**.

2. The Court's August 23, 2012, Order (Doc. 13) is **VACATED IN PART**, in that the only claims remaining on remand are (Count 1) an Eighth Amendment claim against Defendant **DR. FENOGLIO**; and (Count 2) a supplemental claim of negligence against Defendants **DR. FENOGLIO**, **L. RYKER**, **P. MARTIN**, **M. HODGE**, **P. MORAN**, and **S.A. GODINEZ**;

3. **COUNT 2**, the supplemental negligence claim against Defendants **DR. FENOGLIO**, **L. RYKER**, **P. MARTIN**, **M. HODGE**, **P. MORAN**, and **S.A. GODINEZ is DISMISSED** without prejudice and with leave to amend;

4. **COUNT 1**, the Eighth Amendment claim against Defendant **DR. FENOGLIO**, shall proceed;

5. Pursuant to Local Rule 72.1(a)(2), this case is hereby **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for further pre-trial proceedings; further, this entire matter shall be **REFERRED** to United States Magistrate Judge Donald G. Wilkerson for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

**IT IS FURTHER ORDERED** that the Clerk of Court shall prepare for Defendant **FENOGLIO**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons). The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff. If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require

Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If Defendant no longer can be found at the work address provided by Plaintiff, the employer shall furnish the Clerk with Defendant's current work address, or, if not known, Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file or disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of the document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under Section 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Plaintiff is **ADVISED** that at the time application was made under 28 U.S.C. § 1915 for leave to commence this civil action without being required to prepay fees and costs or give security for the same, the applicant and his or her attorney were deemed to have entered into a

stipulation that the recovery, if any, secured in the action shall be paid to the Clerk of the Court, who shall pay therefrom all unpaid costs taxed against plaintiff and remit the balance to plaintiff. Local Rule 3.1(c)(1).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

**DATED**:  July 9, 2013

/s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge