IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| TYRONE BURNS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 3:11-cv-1104-GPM-DGW |
| | ) | |
| DR. FENOGLIO, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court are three motions filed by Plaintiff: the Motion for Extension of Time (Doc. 35), the Motion for Recruitment of Counsel (Doc. 38), and the Motion for Medical Examination (Doc. 39). For the reasons set forth below, the Motion for Extension of Time is **GRANTED**, the Motion for Recruitment of Counsel is **DENIED without PREJUDICE**, and the Motion for Medical Examination is **DENIED**.

*Motion for Extension of Time*

Plaintiff seeks additional time to file an amended complaint in order to secure an affidavit that would support a state law claim of medical malpractice (that has been dismissed without prejudice). There currently is no deadline on amending pleadings in this matter. Plaintiff is informed that, pursuant to Federal Rule of Civil Procedure 15, he may seek to amend his pleading by filing an appropriate motion and submitting a proposed amended pleading to the Court for review.

*Motion for Recruitment of Counsel*

Plaintiff has no constitutional nor statutory right to a Court-appointed attorney in this matter. *See Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). However, 28 U.S.C. § 1915(e)(1)

provides that the Court "may request an attorney to represent any person unable to afford counsel." Prior to making such a request, the Court must first determine whether Plaintiff has made reasonable efforts to secure counsel without Court intervention (or whether has he been effectively prevented from doing so). *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). If he has, then the Court next considers whether, "given the difficulty of the case, [does] the plaintiff appear to be competent to try it himself . . . ." *Farmer v. Haas*, 990 F.2d 319, 321-322 (7th Cir. 1993); *Pruitt*, 503 F.3d at 655 ("the question is whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself."). In order to make such a determination, the Court may consider, among other things, the complexity of the issues presented and the Plaintiff's education, skill, and experience as revealed by the record. *Pruitt*, 503 F.3d at 655-656. Ultimately, the Court must "take account of all [relevant] evidence in the record" and determine whether Plaintiff has the capacity to litigate this matter without the assistance of counsel. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013).

Plaintiff states that he contacted four lawyers in order to acquire representation without Court intervention. While Plaintiff has not attached a copy of any letters he has mailed or that he received from these attorneys, he does indicate that one lawyer, Kenneth Flaxman, indicated that he was too busy to assist Plaintiff. The Court finds that Plaintiff has made a sufficient attempt to secure counsel without Court assistance. In his Motion, Plaintiff states that he is a High School graduate but that he is incapable of representing himself because he has no knowledge of the law, the person who had been assisting him has been released from prison, and he is taking various medications, including drugs used to treat depression and psychotic disorders.

This case involves one claim and one Defendant: Plaintiff asserts that Dr. Fenoglio was deliberately indifferent to his serious medical needs because he ignored complaints of pain and failed to timely schedule surgery. The facts of this case are neither complicated nor extensive – they are limited to a single medical condition and the treatment thereof. Plaintiff appears capable of addressing the Court and seeking relief notwithstanding his medication: there is no showing that, while on his medication, Plaintiff is incapable of pursuing this litigation. In addition, Plaintiff is capable of seeking relief from this Court, without assistance from a jailhouse lawyer, as evidenced by the Motion for Medical Examination (Doc. 39). At this stage of the proceedings, an attorney will not be recruited to assist Plaintiff. If, however, Plaintiff has significant difficulties conducting discovery and prosecuting this matter, he may file another motion.

*Motion for Medical Examination*

Federal Rule of Civil Procedure 35 provides that this Court may order a party to submit to a physical examination if that party's medical condition is in dispute. Plaintiff seeks such an examination in order to perfect his medical malpractice claim. Plaintiff also appears to seek a Court order directing the prison to provide for a specialist or oncologist to exam Plaintiff because he continues to suffer pain and because he requires an additional biopsy.

In order for Plaintiff to pursue his medical malpractice claim, he is obliged to secure affidavits as outlined by Judge Murphy (Doc. 33). The Court acknowledges that it will be difficult for Plaintiff to acquire the necessary affidavits while he is incarcerated. It does not follow, however, the Court must recruit a health professional to perform a consultation and produce the necessary report. Rule 35 does not authorize the Court to appoint a medical expert, at Plaintiff's request, to examine the Plaintiff himself; rather, the Rule allows to the Court to direct an

3

Case 3:11-cv-01104-DGW   Document 45   Filed 09/11/13   Page 4 of 4   Page ID #977

opposing party to make himself available for examination.  Plaintiff has no right to shift the burden or cost of such an examination from himself, notwithstanding his *in forma pauperis* status. If Plaintiff wishes to pursue his medical malpractice claim, and secure the necessary report, he must locate and retain an appropriate health professional (at his own cost) and coordinate his consultation, with that health professional, with prison officials.   This Court also will not manage Plaintiff's on-going health condition or examinations and consultations.   Plaintiff should forward his requests for medical care to the health officials at the prison.

### CONCLUSION

For the foregoing reasons, the Motion for Extension of Time (Doc. 35) is **GRANTED,** the Motion for Recruitment of Counsel (Doc. 38) is **DENIED without PREJUDICE,** and the Motion for Medical Examination (Doc. 39) is **DENIED**.

**IT IS SO ORDERED.**

**DATED: September 11, 2013**

**DONALD G. WILKERSON**
**United States Magistrate Judge**