IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **TYRONE BURNS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | )  CIVIL NO.   3:11-cv-1104-DGW |
| | ) |
| **JAMES FENOGLIO,** | ) |
| | ) |
| **Defendant.** | ) |

## MEMORANDUM AND ORDER

**WILKERSON, Magistrate Judge:**

Now pending before the Court is the Motion to Withdraw filed by attorney Courtney Stirrat on July 31, 2015 (Doc. 121).  The Motion is **GRANTED**.  Ms. Stirrat is terminated from the docket with the Court's thanks.  The Court appoints attorney Alexa Newton of the firm Foley Mansfield to represent Plaintiff for purposes of trial only.  Attorney Newton is encouraged to share her responsibilities with an associate who is also admitted to practice in this district court. Attorney Newton shall enter her appearance on or before August 14, 2015.  In light of this appointment, the trial date of August 12, 2015 is hereby CANCELLED.

Plaintiff is cautioned to consult with his counsel in this matter and to understand that it is Attorney Newton who is the legal professional in this relationship.  Without commenting on the validity of the matter in litigation, counsel is reminded and plaintiff is advised that counsel, even though appointed by the Court, has an obligation under the rules to refrain from filing frivolous pleadings. As a consequence, counsel will likely, from time to time, advise Plaintiff against taking a certain course of action. While Plaintiff may not totally agree with counsel's advice, he should

realize that, in the long run, such advice will be in his best interest because it is in compliance with the law. Also, counsel may advise Plaintiff to pursue additional claims or to abandon certain existing claims.

Counsel, of course, maintains an ethical obligation to fully and vigorously represent his client, but only to the extent that it does not impede his ethical obligation to follow the rules of the Court and the law. If Plaintiff wants to be represented by counsel, he will have to cooperate fully with counsel. **The Court will not accept any filings from Plaintiff individually while he is represented by counsel**, except a pleading that asks that he be allowed to have counsel withdraw from representation.  If counsel is allowed to withdraw at the request of Plaintiff, it is unlikely the Court will appoint other counsel to represent him.

Because Plaintiff is proceeding *in forma pauperis*, if there is a monetary recovery in this case (either by verdict or settlement), **any unpaid out-of-pocket costs must be paid from the proceeds**.  *See* SDIL-LR 3.1(c)(1).  If there is no recovery in the case (or the costs exceed any recovery), the Court has the discretion reimburse expenses. The funds available for this purpose are limited, and counsel should use the utmost care when incurring out-of-pocket costs.  In no event will funds be reimbursed if the expenditure is found to be without a proper basis.  The Court has no authority to pay attorney's fees in this case.  **Counsel is encouraged to enter into a fee contract with Plaintiff to address both the payment of attorney's fees and costs should Plaintiff prevail**.

Finally, counsel is informed that Plaintiff is currently incarcerated by Illinois Department of Corrections at the Illinois River Correctional Center in Canton, Illinois.  Information about the facility is available at www.idoc.state.il.us.

This matter is **SET** for a telephonic status conference on August 25, 2015 at 3:00 p.m. Defendant to initiate the conference call. The Court's conference number is 618-482-9004. Parties should be prepared to discuss the trial date in this matter.

The Clerk of Court is **DIRECTED** to send a copy of this Order and the standard letter concerning appointment of counsel to Attorney Newton immediately.

**IT IS SO ORDERED.**

DATED: August 7, 2015

**DONALD G. WILKERSON**
**United States Magistrate Judge**